UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

LUIS RAMIREZ,

               Petitioner,

    - against -

UNITED STATES OF AMERICA

               Respondent.
------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

05 Civ. 4179 (SAS)

07 Civ. 459 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        On August 1, 2012, this Court denied the motions to vacate, set aside or correct sentence brought by Luis Ramirez ("petitioner") and his brother, Juan Ramirez, pursuant to 28 U.S.C. § 2255 ("section 2255").[1]  On September 28, 2012, petitioner filed a Notice of Appeal.  Petitioner filed a Motion for Reconsideration dated August 27, 2012, which was not docketed until October 5, 2012.[2]  The Motion for Reconsideration is actually a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)").  In addition, petitioner filed a Petition for Leave to Supplement His Section 2255

---

[1] *See Ramirez v. United States*, Nos. 05 Civ. 4179, 07 Civ. 459, 2012 WL 3115161 (S.D.N.Y. Aug. 1, 2012).

[2] *See* Docket Entry # 25 in case no. 07 Civ. 459.

Motion, dated November 19, 2012 ("Motion to Amend").[3]

This Court has jurisdiction over petitioner's Motion for Reconsideration despite the filing of the Notice of Appeal. Under the so-called "prisoner mailbox rule," petitioner's motion is deemed to have been filed on the date he gave it to prison officials for mailing.[4] Therefore, petitioner's Motion for Reconsideration, which is deemed to have been filed on August 27, 2012, preceded the filing of his Notice of Appeal on September 28, 2012. "While the filing of a notice of appeal ordinarily divests this Court of jurisdiction, a notice of appeal filed before the disposition of a motion to amend or alter the judgment under Rule 59(e), Fed.R.Civ.P., is not effective until the motion has been decided."[5]

---

[3] This motion was incorrectly docketed as Docket Entry # 23 in case number 05 Civ. 4179 (SAS), which is the companion case brought by his brother, Juan Ramirez.

[4] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is deemed filed on the date that the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk," rather than the date it was received by the court clerk).

[5] *Tor v. Duncan*, No. 01 Civ. 3984, 2004 WL 1656577, at *1 n.2 (S.D.N.Y. July 22, 2004) (citing Fed. R. App. P. (4)B)(i); *Lowrance v. Achtyl*, 20 F.3d 529, 533 (2d Cir. 1994)).

The standards for relief under Local Civil Rule 6.3 and Rule 59(e) are "identical."[6] "A motion for reconsideration is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[7] Further, "[t]ypical grounds for reconsideration include 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"[8] Because "the purpose of Local Rule 6.3 is to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters,'"[9] the Rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the

---

[6] *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

[7] *Medisim Ltd. v. BestMed LLC*, No. 10 Civ 2463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).

[8] *Gucci America, Inc. v. Guess?, Inc.*, No. 09 Civ. 4373, 2011 WL 6326032, at *1 (S.D.N.Y. Dec. 16, 2011) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[9] *Medisim*, 2012 WL 1450420, at *1 (quoting *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)).

Court."[10]

In his Motion for Reconsideration, Luis Ramirez makes the following arguments:

> The court obviously misapprehended the facts for this case when it held petitioner was unsuccessful in obtaining evidence to support his claim of bogus indictments. The two governmental letters affirming the lack of grand jury records proves that there was no grand jury in existence in connection with petitioner's case. The government has not offered any affidavits to oppose the two governmental letters from the E.O.U.S.A and the O.I.P offices. The courts [sic] adoption of the R&R in this point is pure manifest injustice and comes with in the scope of Rule 59(e). The court ignores the nature of the request for production of grand jury records. The absence of responsive records means that there was no grand jury proceeding. It seems the court is ignoring the fact that the government prosecuted petitioner without a grand jury indictment as the prosecution manufactured 17 superseding indictments including the original.[11]

Although petitioner may not like the way the Court ruled, his arguments were explicitly addressed in the joint Opinion and Order.

> Luis Ramirez has unsuccessfully attempted to obtain records detailing "the grand jury's life-line, including the beginning date and the end date of the grand jury's session; and [ ] the dates of each superseding indictment." His interest in those records was sparked when he noticed what

---

[10] *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation omitted).

[11] Motion for Reconsideration at 2.

> appeared to be a number of superseding indictments absent from the court docket. Luis's efforts to this end have been largely fruitless. His first request, to the Grand Jury Section of the Southern District, was forwarded to the prosecutor. In response, the Executive Office for the United States Attorneys ("EOUSA") wrote Luis a letter informing him that the office had no responsive records for his request. Unsatisfied, Luis appealed to the Office of Information Policy, which affirmed the EOUSA's action.
>
> Luis considers the responses stonewalling and evidence of forged indictments against him. Judge Ellis disagreed, finding no evidence indicating forgery of any indictment.
>
> Neither Judge Ellis nor the Government dispute that "a court cannot permit a defendant to be tried on charges that are not made in [an] indictment against him." The question is whether Luis Ramirez has provided this Court with anything beyond mere speculation that the charges against him stemmed from a bogus indictment. After reviewing the record, I find that he has not. At best Luis has shown some short comings in the Government's record keeping, which is quite different than providing evidence that affirmatively points to an invalid indictment. Good records would not necessarily be sufficient to establish a valid indictment if Luis had other evidence of fraud. Likewise, missing records are not inherently an indication of fraud.[12]

Thus, petitioner's Motion for Reconsideration consists of nothing more than reargument. As such, the motion does not meet the strict standards for granting a motion to reconsider under Rule 59(e).[13] Petitioner's Motion for Reconsideration

---

[12]   *Ramirez*, 2012 WL 3115161, at *8-9 (footnotes omitted).

[13]   "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of

is therefore denied and his appeal can now proceed before the Second Circuit.

I turn next to petitioner's Motion to Amend. Petitioner is correct that his Motion to Amend should not be treated as a second or successive petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because his appeal is pending.[14] However, the filing of a Notice of Appeal divested this Court of jurisdiction over petitioner's original section 2255 motion.[15] Thus, this Court lacks the jurisdiction to consider petitioner's Motion to Amend. Consistent with the teachings of *Whab* and *Ching*, petitioner's Motion to Amend is dismissed

---

scarce judicial resources." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008).

[14] *See Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005) ("Thus, so long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provisions for 'second or successive' petitions.").

[15] *See Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002) ("The filing of the notice of appeal divested the district court of jurisdiction over Ching's original § 2255 motion. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ('The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'). The district court could not rule on any motion affecting an aspect of the case that was before this Court, including a motion to amend the motion, while that appeal was pending. *See Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994) (explaining that the district court lacked jurisdiction to rule on a motion to amend a complaint after a notice of appeal was filed); *see also May v. Sheahan*, 226 F.3d 876, 880 (7th Cir. 2000) (holding that the district court could not grant motion to amend the complaint while interlocutory appeal was pending).").

without prejudice to later re-filing after the disposition of the appeal by the Second Circuit.[16]

In conclusion, petitioner's Motion to Amend and Motion for Reconsideration are denied. The Clerk of the Court is directed to close these motions (Docket Entry # 23 in case number 05 Civ. 4179 and Docket Entry # 25 in case number 07 Civ. 459). Finally, because petitioner has failed to make a substantial showing of the denial of a constitutional right, this Court declines to issue a Certificate of Appealability with regard to either motion.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         January 22, 2013

---

[16] Upon initial review of the Motion to Amend, it appears that petitioner has failed to establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner argues that his attorney was ineffective for failing to inform him that he negotiated the Government's initial plea offer of twenty-five years down to twenty years. However, it is unlikely that petitioner can satisfy the *Strickland* prejudice prong because the sentence actually imposed – twenty years, concurrent on all counts – did not exceed the Government's reduced plea offer of twenty years.

- Appearances -

**Petitioner (Pro Se):**

Luis Ramirez
# 42303-054
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

**For Respondent:**

Michael D. Lockard
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2193